# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

ANTIONE TUCKSON a/k/a )
ANTOINE TUCKSON, )
)
Petitioner, )
)
v. )        Civil Action No. 10-1151 (ESH)
)
FEDERAL BUREAU OF PRISONS, )
)
Respondent. )
_____)

## MEMORANDUM OPINION

This matter is before the Court on Antione Tuckson's petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241. (Petition for Writ of Habeas Corpus, July 6, 2010 [dkt. #1]).[1]

Petitioner, who is presently incarcerated and serving an aggregate sentence of 26 months'

imprisonment that was imposed by the District of Columbia Superior Court, contends that he is

entitled to habeas relief because the Federal Bureau of Prisons (the "Bureau of Prisons") has not

given him the proper sentence credit for two periods of time he spent in custody: (1) between

March 18, 2009, and April 13, 2009; and (2) from May 13, 2009, to the present.  For the reasons

stated herein, neither claim has merit and the petition will be denied.

## BACKGROUND

The material facts are as follows.  In 2005, petitioner was charged with, and ultimately

_____

[1]Although petitioner named the Federal Bureau of Prisons as the respondent in this case,
the only proper respondent is the warden of the prison where the petitioner is being held.
Accordingly, the Court will substitute the Warden of the D.C. Correctional Treatment Facility,
John Caulfield, as respondent.

convicted of, receiving stolen property and unauthorized use of a motor vehicle (the "2005 case"). *See United States v. Tuckson*, No. 2005 FEL 1091 (D.C. Super Ct.) (the "2005 case"); (*see also* Federal Respondents' Opp'n to Petitioner's Petition for a Writ of Habeas Corpus, July 27, 2010 ("Resp.'s Opp'n"), Ex. 2 [dkt. #4]). On July 6, 2007, while on probation for his conviction in the 2005 case, petitioner was convicted of carrying a pistol without a license and sentenced to 14 months' imprisonment to be followed by a three-year term of supervised release (the "2007 case"). *See* Judgment, *United States v. Tuckson*, No. 2007 CF2 2872 (D.C. Super. Ct. July 6, 2007) (Resp.'s Opp'n, Ex. 1). Three days later, on July 9, 2007, petitioner's probation in the 2005 case was revoked, and he was sentenced to 15 months' imprisonment to be followed by a three-year term of supervised release. *See* Judgment, *United States v. Tuckson*, No 2005 FEL 1091 (Resp.'s Opp'n, Ex. 2). The court ordered that the 15-month sentence in the 2005 case was to be served "consecutive to any other sentence being served." (*Id.*) Thus, petitioner ended up with an aggregate sentence of 29 months' imprisonment for the 2005 and 2007 cases to be followed by a three-year term of supervised release. (Resp.'s Opp'n, Ex. 3, at 14.) On September 10, 2008, petitioner was released and began serving his three-year term of supervised release. (*Id.*, Ex. 3, at 9.)

Petitioner's supervised release was scheduled to expire on September 9, 2011. (*Id.*, Ex. 4, at 2.) However, on March 18, 2009, while still on supervised release, petitioner was arrested and charged with carrying a pistol without a license, impersonating a police officer, and possessing unregistered ammunition (the "March 2009 case"). *See* Alleged Violation Report, *United States v. Tucker*, No. 2009 CF2 6407 (D.C. Super. Ct.) (Resp.'s Opp., Ex. 4, at 2). On March 19, 2009, petitioner's community supervision officer reported petitioner's arrest and the

new charges pending against him to the United States Parole Commission. (*Id.*, Ex. 4.)

Petitioner was kept in custody as a result of the March 2009 charges until April 13, 2009. (*Id.*,

Ex. 5, at 4-5.) After his release, on April 30, 2009, the Parole Commission issued a warrant

charging petitioner with violating the conditions of his supervised release in the 2005 and 2007

cases based on the March 2009 case. (*Id.*, Exs. 6-7.) Petitioner was arrested and detained

pursuant to this warrant on May 13, 2010. (*Id.*, Ex. 7, at 2.)

On June 4, 2009, while still detained pursuant to the April 30, 2009 warrant, another case

was filed against petitioner, charging him with first degree theft based on a theft that had

occurred on October 25, 2008 (the "June 2009 case"). *See United States v. Tuckson*, No. 09 CF2

12319 (D.C. Super. Ct. June 4, 2009); (Resp.'s Opp'n, Ex. 9.) On June 24, 2009, petitioner's

community supervision officer reported the June 2009 case to the Parole Commission. (*Id.*, Ex.

8.) On August 24, 2009, petitioner was sentenced in the June 2009 case to a term of 16 months'

imprisonment to be followed by a 3-year term of supervised release. *See* Judgment and

Commitment Order, *United States v. Tuckson*, No. 2009 CF2 12319 (D.C. Super. Ct. Aug. 24,

2009) (Resp.'s Opp'n, Ex. 9)

On September 15, 2009, the Parole Commission added petitioner's conviction in the June

2009 case to its April 30, 2009 charge that petitioner had violated the conditions of his

supervised release in the 2005 and 2007 cases. (Resp.'s Opp'n, Ex. 10.) On October 1, 2009,

the Parole Commission revoked petitioner's supervised release in the 2005 and 2007 cases,

relying solely on his conviction in the June 2009 case and not on the charges pending in the

March 2009 case, and imposed a 10-month term of imprisonment. (*Id.*, Ex. 13.) The sentence

had a retroactive commencement date of May 13, 2009, the date petitioner was taken into

custody pursuant to the Parole Commission's warrant. (*Id.*) As a result of his conviction in the June 2009 case and the revocation of his supervised release in the 2005 and 2007 cases, petitioner is now serving an aggregate sentence of 26 months' imprisonment. The Bureau of Prisons has determined that petitioner's full-term release date for this sentence is July 11, 2011. (*Id.*, Ex. [].) The March 2009 case remains pending, with trial set for October 5, 2010. (Resp.'s Opp'n at 8 n.6.)

On July 6, 2010, petitioner filed the pending petition for a writ of habeas corpus, contending that the Bureau of Prisons has failed to give him the credit. On July 9, 2009, the Court issued an order to show cause. (Order, July 9, 2010 [dkt. #2]). On July 27, 2010, respondent filed an opposition to the petition, taking the position that the Petition should be summarily denied. (Resp.'s Opp'n at 1.)

## ANALYSIS

Petitioner contends that his projected release date of July 11, 2011, is erroneous because: (1) it fails to give him credit for the time he was in custody between March 18, 2009, and April 13, 2009; and (2) it fails to give him credit starting from his return to custody on May 13, 2009. In neither instance is Petitioner's position correct.

**Time in Custody Between March 18, 2009, and April 13, 2009**: Between March 18, 2009, and April 13, 2009, the record establishes that petitioner was in custody solely due to his arrest in the March 2009 case, and not due to anything related to or arising out of any of the three cases for which he is now serving his 26-month sentence. Under applicable law, petitioner is not entitled to credit for time spent in custody on an unrelated case; rather credit is given for "time spent in custody . . . as a result of the offense[s] for which sentence was imposed." D.C. Code §

4

24-221.03. Accordingly, petitioner is not entitled to credit for his time in custody between March 18, 2009, and April 13, 2009.[2]

**Time in Custody After May 13, 2009**: Petitioner is, in fact, receiving credit for all of his time in custody after May 13, 2009. Based on the 26-month sentence petitioner is presently serving, the Bureau of Prisons has determined his projected release date to be July 11, 2011. (Resp.'s Opp'n, Ex. 3, at 7.) The record establishes that in making that determination, the Bureau used May 13, 2009, as the date petitioner began serving his sentence. (Resp.'s Opp., Ex. 3, at 6-7.) Indeed, if the Bureau were not giving petitioner credit starting from May 13, 2009, his projected release date on a 26-month sentence would have to be after July 11, 2011. Accordingly, petitioner's claim that he is not receiving credit for time served after May 13, 2010, is based on a misunderstanding of the record.

## CONCLUSION

For the reasons set forth above, petitioner has been awarded all the sentence credit to which he is entitled. Accordingly, petitioner has made no showing that he "is in custody in violation of the Constitution . . . of the United States," 28 U.S.C. § 2241(c)(3), and his petition for habeas corpus will be denied. A separate Order denying the petition accompanies this Memorandum Opinion.

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

DATE: July 29, 2010

_____

[2]Petitioner cites to various Parole Commission regulations concerning reparole guidelines to support his claim. (Petition at 2.) However, these regulations pertain only to the Parole Commission's determination of an appropriate prison term for a supervised release violation and eligibility for reparole, *see* D.C. Code § 24-403(b)(6), and do not bear on the Bureau of Prison's calculation of credit.